# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * *   *   *
LAURA HIDALGO,              *       No. 13-555V
                           *       Special Master Christian J. Moran
            Petitioner,    *
                           *       Filed: November 24, 2015
v.                         *
                           *       Stipulation; trivalent influenza ("flu")
SECRETARY OF HEALTH        *       vaccine; tetanus-diphtheria-acellular
AND HUMAN SERVICES,        *       pertussis ("Tdap"); human
                           *       papillomavirus ("HPV"); panic,
            Respondent.    *       anxiety, agoraphobia, and headaches.
* * * * * * * * * * * * * * * * *  * *   *
```

Kate G. Westad, Lommen Abdo, P.A., Minneapolis, MN, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On November 19, 2015, respondent filed a joint stipulation concerning the petition for compensation filed by Laura Hidalgo on August 7, 2013. In her petition, Ms. Hidalgo alleged that the trivalent influenza ("flu"), tetanus-diphtheria-acellular pertussis ("Tdap"), and human papillomavirus ("HPV") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received a flu vaccine on or about September 21, 2011 and Tdap and HPV vaccines on or about September 30, 2011[2], caused her to develop panic, anxiety, and agoraphobia, and exacerbated her pre-existing headaches. Petitioner further alleges that she experienced the residual effects of

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] Ms. Hidalgo also received a pneumococcal vaccine on September 30, 2011. Pet. at 1. But that vaccine, which is not a pneumococcal conjugate vaccine, is not included in the Vaccine Injury Table. See 42 C.F.R. § 100.3.

these injuries for more than six months.  Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

Respondent denies that the vaccines are the cause of petitioner's panic, anxiety, agoraphobia, or headaches, or any other injury or her current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein:

**A lump sum of $15,500.00 in the form of a check payable to petitioner, Laura Hidalgo, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-555V according to this decision and the attached stipulation.[3]

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LAURA HIDALGO,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF<br>HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 13-555V<br>  Special Master Christian Moran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Laura Hidalgo ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the trivalent influenza ("flu"), tetanus-diphtheria-acellular pertussis ("Tdap"), and human papillomavirus ("HPV"), which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on or about September 21, 2011. She received Tdap and HPV vaccines on or about September 30, 2011.[1]

3. The vaccines were administered within the United States.

4. Petitioner alleges that the vaccines caused her to develop panic, anxiety, and agoraphobia, and exacerbated her pre-existing headaches, and that she experienced residual effects of these injuries for more than six months.

---

[1] Petitioner also received a pneumococcal vaccine on September 30, 2011. Pet. at 1. But that vaccine, which was not a pneumococcal conjugate vaccine, is not included in the Vaccine Injury Table. *See* 42 C.F.R. § 100.3.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the vaccines are the cause of petitioner's panic, anxiety, agoraphobia, or headaches, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$15,500.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 21, 2011, or the Tdap and HPV vaccinations administered on September 30, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about August 7, 2013, in the United States Court of Federal Claims as petition No. 13-555V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu, Tdap, and/or HPV vaccines caused petitioner's panic, anxiety, agoraphobia, or headaches, or any other injury or her current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

LAURA HIDALGO

ATTORNEY OF RECORD FOR
PETITIONER:

KATE G. WESTAD
LOMMEN ABDO, P.A.
1000 International Center
920 Second Avenue South
Minneapolis, MN 55402
(612) 339-8131

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H,  FAAP
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

LARA A. ENGLUND
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-3013

Dated: ___11/19/15___

5